United States District Court
Southern District of Texas
**ENTERED**
March 29, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KYLE DILLON, (TDCJ-CID #1268995) Plaintiff, | § § § § |
| vs. | § CIVIL ACTION H-17-0828 |
| JOHN DOE, Defendant. | § § § § |

**MEMORANDUM AND OPINION**

Kyle Dillon, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in March 2017, alleging civil rights violations resulting from a denial of due process. Dillon, proceeding pro se and in forma pauperis, sues John Doe, a prison official at the Ferguson Unit.

The threshold issue is whether Dillon's claims should be dismissed as frivolous. The court concludes that Dillon's claims lack merit and should be dismissed for the reasons stated below.

**I.   Plaintiff's Allegations**

Dillon asserts that following an unprovoked use of force on November 1, 2016, prison officials took an inventory of his personal property and sent it to the property room. Dillon complains that prison officials lost his fan. Dillon explains that he needs his fan because of the excessive heat in his cell.

Dillon seeks unspecified nominal, compensatory, and punitive damages.

**II.  Standard of Review**

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if

feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A governs this suit by a prisoner against a prison official.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

### III. The Due Process Claim

An inmate's allegation that his property was lost or damaged, or its receipt delayed by a prison official, does not state a claim under 42 U.S.C. § 1983, even when the prison official acted intentionally. *Hudson v. Palmer*, 468 U.S. 517 (1984). In Texas, when an inmate's property is taken without compensation, he has a remedy in state court, not a federal court claim under 42 U.S.C. § 1983 for loss or damage to property, unless there is no post-deprivation remedy or the remedy is inadequate. *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984). Dillon has made neither of the required showings. His claim against the unnamed prison official lacks an arguable basis in law.

### IV. Conclusion

The action filed by Kyle Dillon (TDCJ-CID Inmate #1268995) lacks an arguable basis in law.

His claims are DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1). Any remaining pending motions are DENIED as moot.

The TDCJ-CID must continue to deduct twenty percent of each deposit made to Dillon's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Southern District of Texas, Attention: Manager of the Three-Strikes.

SIGNED at Houston, Texas, on Mar 24, 2017.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE